## J. L. OWENS COMPANY v. SIMBALENKO & RAWUKA.[1]

### April 12, 1918.

### No. 20,818.

**Sale — action for price of machine — finding of no title in plaintiff sustained.**

> The evidence sustains the conclusion of the trial court that the plaintiff was without title to a machine sold to the defendants and that it cannot recover the contract price thereof.

Action in the district court for Hennepin county to recover $350, the price of a grain cleaner. The facts are stated in the opinion. The case was tried before Molyneaux, J., who made findings and ordered judgment in favor of defendants. From an order denying plaintiff's motion for amended findings and conclusions or for a new trial, it appealed. Affirmed.

*Francis B. Hart,* for appellant.

*F. B. Lambert* and *Elias Rachie,* for respondents.

DIBELL, C.

Action to recover the agreed price of a grain cleaner sold by the plaintiff to the defendants. The court found that the plaintiff was without title at the time of the sale. The plaintiff appeals from the order denying its motion for a new trial.

The plaintiff is engaged at Minneapolis in the manufacture of the Marquis grain cleaner. The Western Improvement Company is engaged at Minot, North Dakota, in constructing and equipping grain elevators. In August, 1915, the improvement company purchased of the plaintiff a No. 50 cleaner. It was shipped to Kief, North Dakota, where the improvement company was to install it in the elevator of one Michalenko to whom it had sold it. Michalenko concluded that he preferred a No. 60. The company ordered it from the plaintiff and it was shipped.

[1]Reported in 167 N. W. 276.

At this time it had paid the plaintiff for the No. 50 and it was its property. The defendants, who did business at Kief, wanted the No. 50, and it was installed in their elevator. An agent of the plaintiff assumed to sell it to them. This was all in August, 1915. The plaintiff repudiated the terms of sale made by their agent, but later, in October, a formal contract of sale was made, and upon this contract suit is brought. The improvement company delivered the cleaner to the defendants or at the least participated in the delivery. The No. 60 was shipped to Kief to the improvement company. It refused to accept it because of a disagreement as to the terms of sale. Some controversy arose. The plaintiff finally installed it in Michalenko's elevator, without the participation of the company, and he paid it the purchase price. The defendants paid the improvement company for the No. 50.

If the plaintiff had title to the No. 50, it is entitled to recover the contract price and otherwise it is not. It had no title unless in effect it exchanged with the improvement company the No. 60 for the No. 50, or unless the transaction at the time, whatever it was, resulted in a transfer of title and delivery to it of the No. 50. This is the real point of controversy. The evidence is mostly documentary and the transaction is a little involved. The evidence was not at all such as to require a finding that the improvement company and the plaintiff intended an exchange of one cleaner for the other; nor were the circumstances such as to estop the defendants from denying the title of the plaintiff nor to prevent the improvement company from asserting that it sold to the defendants and that the plaintiff had no title. The trial court gave the evidence painstaking consideration, and upon a careful examination of it we sustain its conclusion that title was not reinvested in the plaintiff and that it cannot recover. A review of the evidence would serve no good purpose.

Order affirmed.